# DECISIONS IN CASES NOT REPORTED. 621

action of the commissioners. Our conclusion is that the writ should be quashed, with costs. Van Brunt, P. J., and Follett, J., concurred.

Elizabeth Keller, Respondent, v. The Manhattan Railway Company and Another, Appellants.— Judgment affirmed, with costs. No opinion.

Charles Hoffman and Others, Respondents, v. The Manhattan Railway Company and Another, Appellants.— Judgment reversed, new trial ordered, costs to appellants to abide event.—

PER CURIAM : We find no evidence justifying the large awards made in this action. What evidence was offered upon the part of the plaintiffs is unsatisfactory and inconclusive and affords no sufficient basis for the judgment which has been entered. We think, therefore, that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event. Present — Van Brunt, P. J., Follett and Parker, JJ.

Roger M. Sherman, Appellant, v. Irving Grinnell and Others, Respondents.— Judgment affirmed, with costs. No opinion.

Annie C. Pell and Others, Respondents, v. The Manhattan Railway Company and Another, Appellants.— Judgment affirmed, with costs.—

PER CURIAM : The judgment in this case must be affirmed. One difficulty with the appellants' argument as to the credibility of some of the witnesses is, that it depends upon evidence given by them in other cases which is not contained in this record and which does not seem ever to have been offered in evidence. The judgment should be affirmed, with costs. Present — Van Brunt, P. J., Follett and Parker, JJ.

George Jaus, Respondent, v. The New York Elevated Railroad Company and Another, Appellants.— Judgment affirmed, with costs. No opinion.

Andrew McKinney and Another, Respondents, v. Edward Campion, Appellant.— Judgment and order affirmed, with costs.—

PER CURIAM : The plaintiffs are partners under the firm name of A. McKinney & Co., are cotton brokers, and members of the New York Cotton Exchange. It is alleged in the complaint that in July and August, 1891, the defendant employed the plaintiffs to buy 400 bales of cotton and also to sell 400 bales at prices specified, and that they executed the orders the commissions for which amount to forty dollars, and also advanced on the defendant's account $155.15, inclusive of interest. This action was brought to recover these sums. As a sole defense it is alleged that the defendant was not a dealer in cotton, never owned or had any, that he never employed the plaintiffs to buy cotton from others or to sell to others, but that the transactions stated in the complaint and in the plaintiffs' bill of particulars, were wagering contracts between the litigants and void. One of the plaintiffs testified that the defendant directed them to buy 400 bales of cotton of others and to sell 400 bales on the Cotton Exchange. This the defendant denied, but the issue was submitted to the jury under a charge not excepted to, and found for the plaintiffs. The defendant utterly failed to maintain the defense alleged, that the transactions were not between himself and third persons, but were with the plaintiffs. It is apparent that the plaintiffs did not contract with the defendant, but they were merely acting as his agents in buying and selling cotton on the exchange. The court further instructed the jury that if the defendant did not intend to purchase the cotton ordered or to deliver that which he sold, but merely to speculate on the rise and fall of the article, and this intention was communicated to the plaintiffs, they could not recover their commissions or the money which they had advanced; but in case they found that the plaintiffs had no knowledge of the defendant's purpose, but executed the orders in good faith, believing that the purchases and sales were real, they were entitled to recover their commissions and advances though the defendant intended to engage in wagering transactions. No exception was taken to this instruction. This issue was also found for the plaintiffs on evidence sufficient to raise the question, and the verdict is decisive of the rights of the parties. No exceptions to the admission or exclusion of evidence were taken, nor were any exceptions taken to the charge. The judgment and order should be affirmed, with costs. Present — Van Brunt, P. J., Follett and Parker, JJ.

Michael O'Brien, Appellant, v. Robert J. Smith, Respondent. — Judgment affirmed, with costs.—

PER CURIAM : This action was begun September 9, 1889, by an assignee of Margaret Smith to compel the defendant to account for moneys which, it is alleged, he wrongfully converted to his own use between November 1, 1880, and September 11, 1883, while employed by the assignor as the manager of her retail liquor store at Nos. 56 and 58 Columbia place, Brooklyn. The allegations in the complaint are wholly on information and belief, but it is not alleged how much money the assignor lost, nor when the defendant converted it. At the close of the plaintiff's case the defendant rested, and the court held that there was no evidence that the assignor had lost any money or that the defendant had retained any of her money. The court also found that the assignment was colorable only, the assignor retaining an interest in the alleged cause of action. After reading the evidence we are satisfied that the plaintiff utterly failed to prove his cause of action, and that the judgment should be affirmed, with costs. Present — Van Brunt, P. J., Follett and Parker, JJ.

Frances L. Glover, Respondent, v. The Manhattan Railway Company and Another, Appellants. — Judgment reversed, new trial ordered, costs to appellants to abide event.—

PER CURIAM : The evidence in this case is entirely unsatisfactory. An examination of the testimony of the expert Mangam leads to the impression that it is utterly unreliable and should not furnish the basis for any judgment. He seems to be uncertain both in his ideas and his figures, and a perusal of this testimony necessarily produces distrust in either his knowledge or his ingenuousness. This testimony seems to have formed the basis of the judgment, and we think it is wholly unsatisfactory and insufficient. It is true that certain other evidence was given by the plaintiff and her husband. But this evidence seems to be altogether inadequate to sustain the findings of the court below. It appears to have been assumed that the court was to infer damage, and that it was the duty of the defendant to disprove the same. This, however, is not the rule which is to govern the disposition of cases such as the one at bar. The judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event. Present — Van Brunt, P. J., Follett and Parker, JJ.

Shreve, Crump & Low Company, Respondent, v. Edward Holbrook and Another, Appellants, Impleaded, etc.— Judgment modified by deducting therefrom interest on $5,636.68 from October 20, 1891, to April 4,